| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |

| | | |
|---|---|---|
| MONICA G. CLARK, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff(s),* | § § | |
| v. | § § | No. _____ |
| EIG CLAIMS SERVICES, INC. and JASON EVANS, | § § § | |
| *Defendant(s).* | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Monica G. Clark (referred to as "Clark" or "Plaintiff") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants EIG Claims Services, Inc. ("EIG") and Jason Evans ("Evans") (collectively referred to as "Defendants") to recover back wages, including overtime wages, liquidated damages, attorney's fees, and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and for breach of contract.

### I.      Nature of Suit

1.      Plaintiff's claims arise under the FLSA.

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers …." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. EIG Claims Services, Inc. and Jason Evans violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5. EIG Claims Services, Inc. and Jason Evans violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6. EIG Claims Services, Inc. and Jason Evans willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

7. Plaintiff brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of EIG Claims Services, Inc. and Jason Evans to recover unpaid wages, including overtime.

8. Plaintiff also brings this action for breach of contract because EIG agreed to pay her $150.00 per day and $250 for every successfully closed claim but did not.

## II.   Jurisdiction & Venue

9. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

10.   Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b), (2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III.   Parties

11.   Monica G. Clark is an individual who resides in Livingston, Texas and who was employed by Defendants during the last three years.

12.   EIG Claims Services, Inc. is a Texas corporation that is doing business in Texas. EIG may be served with process by serving its registered agent:

> C.T. Corporation System
> 1999 Bryan St. Suite 900
> Dallas, Texas 75201-3136

Alternatively, if the registered agent of EIG cannot with reasonable diligence be found at the company's registered office, EIG may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

13.   Defendant Jason Evans is an individual who may be served with process at:

> 301 E. Gibbs Blvd
> Glen Rose, Texas 76043

or wherever he may be found. Alternatively, Evans may also be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

14.    An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV.    Facts

15.    EIG and Evans provide third-party adjustment services for the insurance industry.

16.    EIG and Evans do business in the territorial jurisdiction of this Court.

17.    Defendants employed Plaintiff as an Insurance Adjuster for insurance claims. from approximately November 2024 through January 2025.

18.    Jason Evans, the owner, manger and chief executive officer of Defendant EIG was also Evans' employer—and individually liable to her for the FLSA violations described below—because he: (1) had the authority to hire and fire EIG employees, including Plaintiff; (2) supervised or controlled EIG employee schedules or conditions of employment, including Plaintiff's schedule and/or conditions of employment; (3) determined the rate or method of payment for EIG employees, including Plaintiff; and/or (4) maintained EIG employee records, including Plaintiff's records.

19.    As an Insurance Adjuster, Plaintiff was not exempt from the maximum hour requirements of the FLSA.

20.     As an Insurance Adjuster, Plaintiff's primary duties were nonexempt.

21.     As an Insurance Adjuster, Plaintiff's primary duties were not directly related to the management or general business operations of Defendants or its customers.

22.     As an Insurance Adjuster, Plaintiff's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

23.     As an Insurance Adjuster, Plaintiff did not, in performing her primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

24.     As an Insurance Adjuster, Plaintiff was, instead, required to follow Defendants' policies, practices, and procedures.

25.     As an Insurance Adjuster, Plaintiff did not have any independent authority to deviate from Defendants' policies, practices, and procedures.

26.     During Plaintiff's employment with Defendants, she was engaged in commerce or in the production of goods for commerce.

27.     During Plaintiff's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

28.     During Plaintiff's employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

29.     During Plaintiff's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

30.     Defendants paid Plaintiff on a day-rate basis.

31.     During Plaintiff's employment with Defendants, she regularly worked in excess of forty hours per week.

32.     Defendants knew or should have known that Plaintiff worked in excess of forty hours per week.

33.     Defendants did not pay Plaintiff for the hours she worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which she [was] employed." 29 U.S.C. § 207(a)(1).

34.     Instead, Defendants paid Plaintiff a flat sum for each day's work regardless of the number of hours he worked in a workweek.  *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

35.     In other words, Defendants paid Plaintiff for her overtime at a rate less than one and one-half times the regular rate at which she was employed in violation of the FLSA.

36.     Plaintiff was not exempt from the maximum hour requirements of the FLSA.

37.     Defendants knew or should have known that Plaintiff was not exempt from the maximum hour requirements of the FLSA.

38.     Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

39.     During Plaintiff's employment with Defendants, the company did not maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

40. During Plaintiff's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

41. Defendants continued the pay practice(s) complained of by Plaintiff without investigation after being put on notice that the pay practice(s) violated the FLSA.

42. Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

43. Prior to this lawsuit, Defendants conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiff.

44. Because Defendants willfully violated the FLSA, the company is liable to Plaintiff for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

45. As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiff for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

46. All Insurance Adjuster and all others employee paid a day rate by Defendants during the last three years are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendants under 29 U.S.C. § 216(b).

47. During the time that Plaintiff was employed EIG and Evans breached their agreement to pay Plaintiff $150.00 per day and $250 for every successfully resolved claim, they are liable to Plaintiff for her unpaid wages and attorney's fees and costs.

## V.     Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

48.     Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

49.     During Plaintiff's employment with Defendants, she was a nonexempt employee.

50.     As nonexempt employees, Defendants were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" for the hours they worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

51.     Defendants did not pay Plaintiff "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

52.     Instead, Defendants paid Plaintiff a flat sum for each day's work regardless of the number of hours she worked in a workweek.  *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

53.     If Defendants classified Plaintiff as exempt from the maximum hour requirements of the FLSA, they were misclassified.

54.     As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiff for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.   Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

55.   Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

56.   Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether its pay practices were unlawful.

57.   Defendants failed to maintain accurate time and pay records and failed to post an FLSA notice.

58.   Defendants continued the pay practice(s) complained of by Plaintiff without investigation after being put on notice that the pay practices(s) violated the FLSA.

59.   Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

60.   Prior to this lawsuit, Defendants conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiff.

61.   Because Defendants willfully violated the FLSA, the company and Plaintiff are liable to Plaintiff for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.   Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

62.   Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

63. According to information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

64. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

65. Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

66. Since Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

67. All employees of Defendants, regardless of their rates of pay, job titles or precise job locations, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

68. For these reasons, Plaintiff requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All Insurance Adjusters and all others employees paid a day rate
> by Defendants during the last three years at any location in the
> United States who worked more than forty hours in any one or

more workweeks and who were paid on a day-rate basis for all of the hours they worked.

69.    Defendants are liable to Plaintiff and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

70.    Plaintiff has retained counsel who is well-versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## VIII.   Count Four—
## Breach of Contract

71.    Plaintiff adopts by reference all of the facts set forth above. See, Fed. R. Civ. P. 10(c).

72.    EIG and Evans agreed to pay Plaintiff $150.00 per day for everyday that she worked on behalf of Defendants.

73.    EIG and Evans agreed to pay Plaintiff $250.00 for every successfully resolved claim.

74.    Defendants knew or should have known the total number of days that Plaintiff worked during each week.

75.    EIG and Evans did not pay Plaintiff $150.00 per day for everyday that she worked on behalf of Defendants.

76.    EIG and Evans did not pay Plaintiff $250.00 for every successfully resolved claim.

77. Because Defendants breached their agreement with Plaintiff to pay her for all of the days she worked (at $150.00 for each day that she worked), they are liable to Plaintiff for her unpaid wages and attorney's fees and costs.

78. Because Defendants breached their agreement with Plaintiff to pay her for each successfully resolved claim (at $250.00 for claim), they are liable to Plaintiff for her unpaid wages and attorney's fees and costs.

### IX. Count Five-
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

79. Plaintiff adopts by reference all of the facts set forth above. See, Fed. R. Civ. P. 10(c).

80. Plaintiff is authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

81. Plaintiff is authorized to recover attorney's fees and costs on their claims by statute. 29 U.S.C. § 216(b); Tex. Civ. Prac. & Rem. Code §§ 38.001(b)(2), 38.002(b)(8).

82. Plaintiff retained the professional services of the undersigned attorneys.

83. Plaintiff has complied with the conditions precedent to recovering attorney's fees and costs.

84. Plaintiff has incurred or may incur attorney's fees and costs in bringing this lawsuit.

85. The attorney's fees and costs incurred or that may be incurred by Plaintiff were or are reasonable and necessary.

86.     Defendants are liable to Plaintiff and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

87.     Defendants are liable to Plaintiff for attorney's fees because her claim is for performed labor and/or breach of an oral or written contract. Tex. Civ. Prac. & Rem. Code §§ 38.001(b)(2), 38.002(b)(8).

## X.     Relief Sought

88.     Plaintiff demands the following relief:

a.  an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

b.  an incentive award for Monica G. Clark for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

c.  judgment against EIG Claims Services, Inc. and Jason Evans in Plaintiff's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

d.  all other relief and sums that may be adjudged against EIG Claims Services, Inc. and Jason Evans in Plaintiff's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
melissa@mooreandassociates.net
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFFS**

- 14 -