IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA G. CLARK AND ALL OTHERS SIMILARLY SITUATED, | §<br>§<br>§<br>§<br>§<br>§ | |
| Plaintiff, | | |
| v. | §<br>§ | NO. 4:25-CV-01195 |
| EIG CLAIMS SERVICES, INC., AND JASON EVANS, | §<br>§<br>§<br>§ | |
| Defendants. | | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT [ECF NO. 1]

Defendants EIG CLAIMS SERVICES, INC. ("EIG") and JASON EVANS ("Evans") (together, "Defendants") file their Answer and Affirmative and Other Defenses to Plaintiff MONICA G. CLARK ("Plaintiff" or "Clark") Original Complaint ("Complaint"). [ECF. No. 1]

The allegations in Plaintiff's Complaint are hereinafter answered by the correspondingly numbered Paragraphs below. Unless specifically admitted in this pleading, the allegations are denied.

### I.      NATURE OF SUIT

1.      Defendants admit that the averment in Paragraph 1 that Plaintiff brings under the Federal Fair Labor Standards Act ("FLSA"); however, Defendants deny that Plaintiff was misclassified as an independent contractor, denies any wrongdoing, and denies that Plaintiff is entitled to any relief. Defendants deny the remaining allegations in Paragraph 1.

2.      Paragraph 2 contains Plaintiff's averments regarding the purpose of the FLSA, and therefore, it does not require an admission or denial by Defendants. To the extent that a further response is required, Defendants deny that Plaintiff was misclassified as an independent

**Page 1**

contractor, denies any wrongdoing, and denies that Plaintiff is entitled to any relief. Defendants deny the remaining allegations in Paragraph 2.

3.    Paragraph 3 contains Plaintiff's averments regarding the scope of the FLSA, and therefore, it does not require an admission or denial by Defendants. To the extent that a further response is required, Defendants deny that Plaintiff was misclassified as an independent contractor, denies any wrongdoing, and denies that Plaintiff is entitled to any relief. Defendants deny the remaining allegations in Paragraph 3.

4.    Defendants deny the allegations in Paragraph 4.

5.    Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 5 regarding all Putative Class Members, particularly because the allegations are premature when information regarding all Putative Class Members is unknown. Defendants deny the remaining allegations in Paragraph 5.

6.    Defendants deny the allegations in Paragraph 6.

7.    Defendants admit that in Paragraph 7 Plaintiff avers to bring this action on behalf of himself and Putative Class Members pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Except as expressly admitted, Defendants deny the allegations in Paragraph 7, including specifically denying that Plaintiff's claims have any merit or that she is entitled to the relief sought and the allegations about Putative Class Members, particularly because the allegations are premature when information regarding all Putative Class Members is unknown. Defendants deny the remaining allegations in Paragraph 7.

8.    Defendants admit that Plaintiff avers to bring this action for breach of contract. Except as expressly admitted, Defendants deny the remainder of the allegations in Paragraph 8.

## II.   JURISDICTION AND VENUE

9.   Defendants admit that in Paragraph 9 Plaintiff avers to bring this action pursuant to 28 U.S.C. § 1331. To the extent that a further response is required, Defendants deny any wrongdoing and denies that Plaintiff is entitled to any relief. Defendants deny the remaining allegations in Paragraph 9.

10.   Defendants deny that venue is proper within the Houston Division of the Southern District of Texas. Except as expressly admitted, Defendants deny the allegations in Paragraph 10, including specifically denying that any unlawful employment practices occurred. Defendants deny the remaining allegations in Paragraph 10.

## III.   PARTIES

11.   Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 11 regarding Clark's current residence, and therefore deny. Defendants deny the remaining allegations in Paragraph 11, including that Plaintiff was employed by Defendants.

12.   Defendants admit the allegations in Paragraph 12.

13.   Defendants admit the allegations in Paragraph 13.

14.   Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 14 because they constitute or call for legal conclusions and are otherwise vague and ambiguous. To the extent further response is required, Defendants deny the allegations in Paragraph 14.

## IV.   FACTS

15.   Defendants admits the allegations in Paragraph 15, as to EIG and denies as to Evans.

16.   As to Plaintiff's claims made, Defendants deny the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17 that Plaintiff was "employed" by Defendants. Defendants admit that from November of 2024 through January of 2025, Plaintiff contracted with Defendant EIG as an independent contractor adjuster for claims made in Florida, Texas. To the extent further response is required, Defendants deny the allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.      Defendants deny the allegations in Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 29.

29.     The allegations in Paragraph 30 are denied to Defendant Evans. Defendant EIG deny the characterization of the fee agreement as alleged in Paragraph 30. To the extent further response is required, Defendants deny the allegations in Paragraph 30.

30.     Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 31. To the extent further response is required, Defendants deny the allegations in Paragraph 31.

31.     Defendants deny the allegations in Paragraph 32.

32.     Defendants deny the allegations in Paragraph 33.

**Page 4**

33.     Defendants deny the allegations in Paragraph 34.

34.     Defendants deny the allegations in Paragraph 35.

35.     Defendants deny the allegations in Paragraph 36.

36.     Defendants deny the allegations in Paragraph 37.

37.     Defendants deny the allegations in Paragraph 38.

38.     Defendants deny the allegations in Paragraph 39.

39.     Defendants deny the allegations in Paragraph 40.

40.     Defendants deny the allegations in Paragraph 41.

41.     Defendants deny the allegations in Paragraph 42.

42.     Defendants deny the allegations in Paragraph 43.

43.     Defendants deny the allegations in Paragraph 44.

44.     Defendants deny the allegations in Paragraph 45.

45.     Defendants deny the allegations in Paragraph 46.

46.     Defendants deny the allegations in Paragraph 47.

## V.     COUNT ONE –
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

47.     Defendants incorporate by reference their responses to all preceding Paragraphs and allegations as if stated herein.

48.     Defendants deny the allegations in Paragraph 49.

49.     Defendants deny the allegations in Paragraph 50.

50.     Defendants deny the characterization of the allegations in Paragraph 51 that it Defendant EIG was required to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which they [were] employed" for any hours worked in excess of forty per week." Defendants deny the remainder of the allegations in Paragraph 51.

**Page 5**

51.     Defendants deny the characterization of the allegations in Paragraph 52 regarding the terms of the contract between Defendant EIG and Plaintiff. Defendants deny the remainder of the allegations in Paragraph 52.

52.     Defendants deny the characterization of the allegations in Paragraph 53 regarding the classification of Plaintiff. To the extent that a further response is required, Defendants deny that Plaintiff was misclassified as an independent contractor, denies any wrongdoing, and denies that Plaintiff is entitled to any relief. Defendants deny the remainder of the allegations in Paragraph 53.

53.     Defendants deny the allegations in Paragraph 54.

## VI.     COUNT TWO—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

54.     Defendants incorporate by reference their responses to all preceding Paragraphs and allegations as if stated herein.

55.     Defendants deny the allegations in Paragraph 56.

56.     Defendants deny the allegations in Paragraph 57.

57.     Defendants deny the characterization of the allegations in Paragraph 58 that it continued any improper practice or that it was put no notice that any practice violations the FLSA. To the extent that a further response is required, Defendants deny that Plaintiff was misclassified as an independent contractor, denies any wrongdoing, and denies that Plaintiff is entitled to any relief. Defendants deny the remainder of the allegations in Paragraph 58.

58.     Defendants deny the allegations in Paragraph 59.

59.     Defendants deny the allegations in Paragraph 60.

60.     Defendants deny the allegations in Paragraph 61. To the extent that a further response is required, Defendants deny that Plaintiff was misclassified as an independent

contractor, denies any wrongdoing, and denies that Plaintiff is entitled to any relief. Defendants deny the remainder of the allegations in Paragraph 61.

## VII.    COUNT THREE
### Collective Action Under 29 U.S.C. § 216(b)

61.     Defendants incorporate by reference their responses to all preceding Paragraphs and allegations as if stated herein.

62.     Defendants deny the allegations in Paragraph 63.

63.     Defendants deny the allegations in Paragraph 64.

64.     Defendants deny the allegations in Paragraph 65.

65.     Defendants deny the allegations in Paragraph 66.

66.     Defendants deny the allegations in Paragraph 67.

67.     Defendants admit that Plaintiff avers to bring this action on behalf of herself and Putative Class Members pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Except as expressly admitted, Defendants deny the allegations in Paragraph 68, including specifically denying that Plaintiff's claims have any merit or that she is entitled to the relief sought. To the extent further response is required, Defendants deny the allegations in Paragraph 68.

68.     Defendants deny the allegations in Paragraph 69.

69.     Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 70 because they constitute or call for legal conclusions and are otherwise vague and ambiguous. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 70 regarding all Putative Class Members, particularly because the allegations are premature when information regarding all Putative Class Members is unknown. To the extent further response is required, Defendants deny the allegations in Paragraph 70.

## VIII.   COURT FOUR –
### Breach of Contract

70.     Defendants incorporate by reference their responses to all preceding Paragraphs and allegations as if stated herein.

71.     Defendants deny the characterization of the allegations in Paragraph 72 regarding the terms of the contract between Defendant EIG and Plaintiff. Defendants deny the remainder of the allegations in Paragraph 72.

72.     Defendants deny the characterization of the allegations in Paragraph 73 regarding the terms of the contract between Defendant EIG and Plaintiff. Defendants deny the remainder of the allegations in Paragraph 73.

73.     Defendants deny the characterization of the allegations in Paragraph 74 regarding the terms of the contract between Defendant EIG and Plaintiff. Defendants deny the remainder of the allegations in Paragraph 74.

74.     Defendants deny the characterization of the allegations in Paragraph 75 regarding the terms of the contract between Defendant EIG and Plaintiff. Defendants deny the remainder of the allegations in Paragraph 75.

75.     Defendants deny the characterization of the allegations in Paragraph 76 regarding the terms of the contract between Defendant EIG and Plaintiff. Defendants deny the remainder of the allegations in Paragraph 76.

76.     Defendants deny the allegations in Paragraph 77.

77.     Defendants deny the allegations in Paragraph 78.

## IX.     COUNT FIVE
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

78.     Defendants incorporate by reference their responses to all preceding Paragraphs and allegations as if stated herein.

79.     Defendants deny the allegations in Paragraph 80.

80.     Defendants deny the allegations in Paragraph 81.

81.     Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 82. To the extent further response is required, Defendants deny the allegations in Paragraph 82.

82.     Defendants deny the allegations in Paragraph 83.

83.     Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 84. To the extent further response is required, Defendants deny the allegations in Paragraph 84.

84.     Defendants deny the allegations in Paragraph 85.

85.     Defendants deny the allegations in Paragraph 86.

86.     Defendants deny the allegations in Paragraph 87.

## X.     RELIEF SOUGHT

87.     In response to the Prayer for Relief (Paragraph 88(a)-(d)), Defendants deny all allegations contained therein. Defendants also expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint.

Any and all allegations in Plaintiff's Complaint not expressly admitted herein are hereby denied by Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, and without admitting any allegations asserted in the Complaint, Defendants affirmatively pleads the following defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bears any burden of proof on any issue that it

would not otherwise bear by applicable law. Defendants reserve the right to supplement these pleadings with further applicable defenses as more facts become available. To the extent any defenses or legal theories may be interpreted as inconsistent, they are pled in the alternative.

1.     Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

2.     Plaintiff, and all others, are not entitled to overtime payment pursuant to 29 U.S.C. § 207(a)(1) because, inter alia, she is not and they are not employees.

3.     The claims of Plaintiff and the individuals she seeks to represent are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

4.     Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

5.     Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities or incidental to them.

**Page 10**

This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

6.      The claims of Plaintiff and the individuals Plaintiff seeks to represent are barred in whole or in part, to the extent that any activities that Plaintiff and/or the individuals Plaintiff seeks to represent may have performed were (a) not compensable work; or (b) barred by the doctrine of *de minimis non curat lex*.

7.      Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its/his/their actions did not violate the FLSA, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages and the applicable statute of limitations. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

8.      Assuming, *arguendo*, that Defendants violated any provision of the FLSA (which it/he/they did not) such violation was not pursuant to a uniform policy or plan. Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice, and procedure promulgated and tolerated by Defendants.  This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

9.      The entire collective action Complaint seeking class-wide relief must be dismissed, as Plaintiff cannot satisfy the requirements for maintenance of a collective action under Section 216 of the FLSA, or otherwise. Plaintiff is not similarly situated to or otherwise an adequate representative for the persons whom he purports to represent and furthermore, there are no putative class members who are similarly situated to Plaintiff, as that term is defined and interpreted under the FLSA, 29 U.S.C. § 216(b).

10.     Neither Plaintiff nor putative collective action members may recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

11.     To the extent applicable, Plaintiff's claims are barred by the equitable doctrines of waiver, unclean hands, and laches.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

12.     Plaintiff's claim and/or those of some or all of the putative collective action members are barred as to all hours allegedly worked of which Defendants lacked constructive or actual knowledge.

13.     Upon information and belief, certain of the interests of the alleged putative group that Plaintiff purports to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

14.     Plaintiff's claims and/or those of some or all of the putative collective action members are barred in whole or in part because the Department of Labor's final rules are arbitrary, capricious, and otherwise inconsistent with the plain language of the FLSA.

15.     The claims of Plaintiff and the individuals she seeks to represent are barred to the extent that they did not work more than forty (40) hours in any given workweek and, therefore, are not entitled to overtime under the FLSA.

16.     Liability, if any, to Plaintiff and the individuals Plaintiff seeks to represent cannot be determined through generalized class-wide proof by a single jury on a group-wide basis. Allowing this action to proceed as a collective action would violate Defendants' right to a trial by jury guaranteed by the United States Constitution and rights under the Seventh and Fourteenth Amendments to the United States Constitution.

**Page 12**

17.     To the extent Defendants paid wages for work reported but not performed by Plaintiff or the individuals he seeks to represent for the time at issue, Defendants are entitled to offset those amounts against sums that may be found due and owing, if any.

18.     Plaintiff and all alleged potential class members have been paid and received all wages and all other compensation due to them by virtue of their employment, if any, with Defendants.  All or portions of the claims set forth in the Complaint are barred because Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

19.     Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of her stated claims.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

20.     Plaintiff is only entitled to one satisfaction for any established unlawful conduct and her claims for damages are limited by the applicable statutory maximum.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

21.     Plaintiff is not entitled to any recovery because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA, including the administrative exemption.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

22.     The Complaint fails, or whole or in part, because Plaintiff and the individuals she seeks to represent have been fully paid all amounts legally owed by Defendants, and by accepting the payments made to them, she or they have effectuated an accord and satisfaction of her or their claims.

23.     For purposes of preserving the defense pending discovery, if Plaintiff or any of the individuals Plaintiff seeks to represent file or have filed for bankruptcy and fail or have failed to

disclose with the bankruptcy court either: (1) unpaid wages as an amount owed to them; or (2) employment disputes giving rise to a claim seeking monetary damages, they may be barred from pursuing their wage and/or employment claims under the doctrine of judicial estoppel and for lack of standing.

24. Defendant's defenses above are likewise asserted as defenses to the claims of any and all members of any collective action that may (but should not be) certified in this case.

25. Defendants would show that Plaintiff's claims are barred by the statute of frauds and parole evidence rule.

26. Defendants would show that Plaintiff failed to perform or comply with the necessary conditions precedent or the necessary condition failed to occur.

27. Defendants deny any breach of any contract. In the alternative, Defendants plead the Plaintiff's prior material breach.

28. Defendant Evans deny any execution of any contract or other instrument or agreement between Defendant Evans and Plaintiff.

Defendants object to this venue. Plaintiff has improperly, and intentionally, brought this lawsuit in the improper venue, both as the generally applicable venue provisions set out in 29 U.S.C. § 1391 and the mandatory forum clause agreed to by Plaintiff and EIG, and therefore this matter should be dismissed against all Defendants.. Defendants have not had an opportunity to conduct a full and sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. Defendants intend to act expediently to inform itself/themselves as to the pertinent facts and prevailing circumstances surrounding any claimed damages and hereby give notice of its intent to assert any affirmative defenses or allegations of fact that this information-gathering process may indicate are supported by law.

**Page 14**

WHEREFORE, PREMISES CONSIDERED, Defendants EIG CLAIMS SERVICES, INC. ("EIG") and JASON EVANS ("Evans") (together, "Defendants") ask that the Original Complaint ("Complaint") [ECF. No. 1] be dismissed with prejudice, that Plaintiff take nothing by this suit, and that Defendants be awarded costs, attorneys' fees, expenses, and all other legal and equitable relief to which they may be entitled.

Dated: April 11, 2025

*/s/ David B. Jordan*
David B. Jordan, Bar No. 24032603
djordan@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX  77010
Telephone:    713.951.9400
Facsimile:     713.951.9212

~and~

*/s/ Melissa Nicholson Sternfels*
Melissa Nicholson Sternfels
melissa@ccsfirm.law
Texas Bar No. 24037181
Julie Countiss
julie@ccsfirm.law
Texas State Bar No. 24036407
CONKLIN COUNTISS STERNFELS, PLLC.
901 Heights Boulevard
Houston, TX  77008
Telephone: 713.997.2416
Facsimile: 713.660.1801

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Moore & Associates
Melissa Moore
Curt Hesse
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas  77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

***Attorney for Plaintiff***


*/s/ Melissa Nicholson Sternfels*
Melissa Nicholson